UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEO F. SCHWEITZER, III, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-0965 |
| | : |
| ALL TERRITORIES & INSULAR | : (Judge Kosik) |
| POSSESSIONS, et al., | : |
| | : |
| Defendants | |

**Memorandum and Order**

**I.    Background**

Leo F. Schweitzer, III, an inmate currently confined at the Federal Prison Camp at Canaan, Waymart, Pennsylvania, filed this action on May 11, 2006. While the Clerk of Court opened the matter as a civil rights action pursuant to 28 U.S.C. § 1331, Schweitzer labels the matter as being filed ". . . Under Article 3 of the United States Constitution; 28 USC 1331; 28 USC 1332; 28 USC 2201; 28 USC 1651(a); 18 USC 2; 18 USC 241; 18 USC 242; 28 USC 1346; 28 USC 1367, 31 USC 3729 thru (sic) 3733; 18 USC 3801 thru (sic) 3812, 18 USC 1961 thru (sic 1968)." (Doc. 1, Compl. at 1.)  The complaint, as submitted, consists of over 200 pages. Named as defendants in this action are the following: All Territories & Insular Possessions; Gerald Auerbach, Counsel for the United States Marshal's Office; William Burchill,

1

Associate Director for the Administrative Office of the United States Courts; President George W. Bush; Congress & Senate of the United States; Directors and Agents of the ATF, FBI; Homeland Security, NCIS, DCIS and DIA; Attorney General Alberto Gonzales; William Haynes, II, General Counsel, DOD; William J. Meehan, Jr., United States Attorney; Donald Rumsfeld, former Secretary of Defense; The Fifty States; and the United States of America.

The complaint is before the court for preliminary screening. After numerous attempts to decipher Schweitzer's submission, the court will grant Schweitzer leave to file an amended complaint setting forth an actual case or controversy and complying with Federal Rules of Civil Procedure 8 and 20(a). Also pending in the matter are motions to intervene filed by several individuals wishing to join in this action. (Docs. 8, 9, 10.)   These motions will be denied without prejudice at this time.

**II.   Discussion**

Section 1915(e)(2) of Title 28 of the United State Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if he court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)  Section 1915(e)(2)(B)(ii) provides a new ground for summary dismissal of a complaint – failure to state a claim under Federal Rule of Civil

2

Procedure 12(b)(6). Pursuant to Fed. R. Civ. P. 12(b)(6) a defendant is allowed, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." In Rule 12(b)(6) analysis, the court must accept the veracity of a plaintiff's factual allegations. White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957); D.P. Enterprises, Inc. V. Bucks County Community College, 725 F.2d 943, 944 (3c Dir. 1984). "The test for reviewing a 12(b)(6) motion is whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995).

  First and foremost, in reviewing Plaintiff's rambling document which numbers in excess of 200 pages, the court is hard pressed to find any actual case or controversy asserted by Plaintiff. The entire submission consists of Plaintiff's profession of legal theory after legal theory and citations to various statutes. He fails to set forth any factual detail as to what the specific controversy is in this case. He asserts general principles of law with no facts to flesh out his claims.

  Even if he had presented some specific case or controversy, Federal Rule of Civil Procedure 8(a) requires, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing the pleader is entitled to relief. . . ."

Fed. R. Civ. P. 8(a)(2).  The Supreme Court has stated that this "notice pleading" requirement means that the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

Furthermore, Federal Rule of Civil Procedure 20, titled "Permissive Joinder of Parties," in pertinent part, reads:

> (A) Permissive Joinder.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).

Rule 20 only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact."  7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 at 371-72 (1986).  "Permissive joinder is not, however, applicable in all cases.  The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or

4

arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." <u>Mosley v. General Motors Corp</u>., 497 F.2d 1330, 1333 (8th Cir. 1974). Plaintiff's vast array of claims share neither common law nor common fact, and accordingly they are inappropriate for joinder under Rule 20.

The instant complaint filed by Schweitzer is abstract, disjointed and, to say the least, utterly confusing. There is little doubt that even if the defendants, as named, were proper defendants in this action, they would be able to respond to the complaint as drafted. First of all, Plaintiff includes subject matters in his complaint including but not limited to breach of contract, tort claims, ineffective assistance of counsel, ineffective and inadequate remedy under § 2255, conspiracy and deliberate indifference. He sets forth page after page of general, rambling and conclusory assertions against the government with little, if any, detail to flesh out his claims. He fails to associate specific defendants with any specific alleged constitutional violations, and makes responding to his complaint virtually impossible. While he sets forth a summary at the end of his filing of each of the defendant, and what position they hold within the government, he fails to connect them to specific violations of his rights and set forth when and how each defendant violated his rights.[1]

---

[1] Plaintiff has named the states as well as numerous governmental entities as defendants in this action. Without passing judgment as to the merits of any action filed by Plaintiff, he is advised that the Eleventh Amendment provides: "The Judicial

Based on the foregoing, and in the interests of justice to this pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff will be granted twenty (20) days within which to submit an amended complaint which satisfies Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 20.  He is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  The failure to submit a proper amended complaint in compliance with this Memorandum setting forth an actual case or controversy and in compliance with Rules 8 and 20 will result in the dismissal of this action.

---

power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has interpreted this Amendment as meaning "first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).  Further, "an individual defendant in a civil rights action must have personal involvement in the alleged wrongs: liability cannot be predicated solely on the operation of respondeat superior."  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1989) quoting Parratt v. Taylor, 451 U.S. 527, 537 n. 3 (1981).  "A defendant must be the moving force behind a constitutional violation.  The mere fact that a named defendant is in a supervisory position is insufficient.  See Hampton v. Holmesburg Prison Officials, 546 F.2d 1977, 1082 (3d Cir. 1976).  It appears that many of the individuals may be named in this action based solely upon their supervisory roles.

**ACCORDINGLY, THIS 31st DAY OF JANUARY, 2007, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Within twenty (20) days from the date of this Order, Plaintiff shall file an amended complaint in this action in accordance with the above. Failure to do so will result in the dismissal of this action.

2. The pending motions to intervene (Docs. 8, 9, 10) are **denied without prejudice**.

                                        s/Edwin M. Kosik
                                        United States District Judge