UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEO F. SCHWEITZER, III, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-0965 |
| | : |
| ALL TERRITORIES & INSULAR | : (Judge Kosik) |
| POSSESSIONS, <u>et</u> <u>al.</u>, | : |
| | : |
| Defendants | |

## **Memorandum and Order**

**Background**

Leo F. Schweitzer is currently confined at the Federal Prison Camp at Canaan, Waymart, Pennsylvania. He filed his original complaint in this action on May 11, 2006. The document was labeled as a matter being filed ". . . Under Article 3 of the Untied States Constitution; 28 USC 1331; 28 USC 1332; 29 USC 2201; 28 USC 1651(a); 18 USC 2; 18 USC 241; 18 USC 242; 28 USC 1346; 28 USC 1367; 31 USC 3729 thru (sic) 3733; 18 USC 3801 thru (sic) 3812, 18 USC 1961 thru (sic) 1968." (Doc. 1.) It consisted of over 200 pages and named numerous Defendants including the President of the United States; Congress & Senate of the United States; Directors and Agents of the ATF, FBI; Homeland Security, the Attorney General Alberto Gonzales; former Defense Secretary Donald Rumsfeld, the Fifty States and the United

States of America.

On January 31, 2007, the court conducted a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2).  In reviewing Plaintiff's submission, the court found it to be rambling and confusing, setting forth no factual detail whatsoever and failing to associate any of the Defendants with the violation of any of Plaintiff's constitutional rights.  The document consisted of page after page of legal theory completely void of any specific case or controversy that a defendant could answer.  (Doc. 26.)  Accordingly, a Memorandum and Order was issued directing Plaintiff to submit an amended complaint in accordance with Federal Rules of Civil Procedure 8 and 20(a).  He was warned that he must set forth associate specific defendants with any specific alleged constitutional violations.  He was further warned that the failure to submit a proper amended complaint in compliance with the court's order would result in the dismissal of the action.  Following several enlargements of time, Plaintiff submitted his amended complaint on April 19, 2007. (Doc. 32.)  On April 24, 2007, he filed what appears to be exhibits to the amended complaint.  The exhibits consist of affidavits executed by Plaintiff in December of 2003 and January of 2004.  Also submitted are two documents entitled "Notice of Dishonor" prepared by Schweitzer in May of 2006, and sent to the United States Department of Justice complaining about the government's failure to respond to a Qui Tam Action Complaint Schweitzer allegedly filed. (Doc. 33.)  For the reasons that follow, the

2

amended complaint fails to comply with the court's directive and, as such, this action will be dismissed without prejudice.

**Discussion**

The proposed amended complaint submitted by Plaintiff consists of 109 pages and, once again, includes sections such as "Table of Contents," "Vision Statement," "Objectives" and "Status." (Doc. 32.) The document is a conglomerate of general legal principles and tenets which fails to provide any details as to the events which serve as the basis for any cognizable claims against the Defendants. After reviewing the amended complaint itself, the court is unable to make a determination as to whether the venue in the Middle District of Pennsylvania is proper, and if so, when any alleged violations took place.[1] All the court can glean from the manifesto submitted by Plaintiff is that he believes his contractual rights were somehow violated by the government when it failed to abide by an unspecified plea agreement. There are no details or specifics as to any underlying incident. Plaintiff goes on for

---

[1] In fact, at one point in the amended complaint Plaintiff speaks of a "United States Probation Officer in the Eastern District of Pennsylvania" which may suggest that the incidents which serve as the underlying basis for any action occurred in said district. Upon review of Plaintiff's submitted exhibits to the amended complaint, he specifically refers to Defendant Keglovits, a USPO in the Eastern District of Pennsylvania, but all incidents complained of occurred within that district. It would serve no purpose to transfer even this part of the action in that, according to the exhibits, even if Plaintiff stated any viable claim, the events complained of occurred between the time period of September of 1998 and August of 2003, well before the applicable statute of limitations would expire for any civil rights action.

3

pages as to how Defendants have failed to train their employees, without providing a single detail. He speaks in the abstract and it would be totally impossible for Defendants to file an answer to such a document which sets forth no time frame or allegations as to specific events. It is actually unclear if Plaintiff even files this lawsuit with regard to an event which violated his rights, as he constantly speaks in terms of a proposed class action and other unnamed Plaintiffs.

While Plaintiff did subsequently submit documents on April 24, 2007 which he intends to be exhibits to the amended complaint, they do not save this action. The first affidavit solely addresses Plaintiff's conviction in the Eastern District of Pennsylvania and his contention that it is an unconstitutional conviction. This would be a habeas corpus claim and need to be pursed by Plaintiff in a properly filed habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 500 ( 1973)(finding that where an inmate challenges the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.) The remaining exhibits have been previously addressed and do not set forth any information which would cause this court to find that Plaintiff has complied with the Order issued on January 31, 2007. They do not add any specifics as to the general claims Plaintiff attempts to set forth in his amended complaint regarding a breach of contract by the government regarding a plea agreement. (Doc. 26.)  For all of these

4

reasons, the court will dismiss this action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY, THIS 26TH DAY OF APRIL, 2007, IT IS HEREBY ORDERED THAT:**

1. This action is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to close this case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                                                         s/Edwin M. Kosik  
                                                         United States District Judge